FILED
CLERK
May 7, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FELICIA BARTLETT,

                Plaintiff,

      -against-

LOUIS DEJOY,
  POSTMASTER GENERAL,

                Defendant.
-------------------------------------------------------------X

**ORDER**
22-CV-03398 (GRB)(JMW)

**A P P E A R A N C E S:**

Susan Karolena Crumiller, Esq.
Julia Lea Elmaleh-Sachs, Esq.
Hilary Joy Orzick, Esq.
**Crumiller P.C.**
16 Court St. Ste. 2500
Brooklyn, NY 11241
*Attorney for Plaintiff Felicia Bartlett*

Vincent Lipari, Esq.
**United States Attorney's Office**
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, NY 11722-4454
*Attorney for Defendant Louis DeJoy*

**WICKS**, Magistrate Judge:

      This case arises from Plaintiff Felicia Bartlett's allegations that Defendant Louis DeJoy, Postmaster General for the United States Postal Service ("Defendant" or "USPS") discriminated against her on the basis of sex through a hostile work environment and ultimately constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"). Further, Plaintiff alleges USPS also violated the Americans with Disabilities Act of 1990, § 2 *et seq.*, 42 U.S.C. § 12101 *et seq.*, as amended by § 504 of the Rehabilitation Act of

1

1973 ("ADA"), by failing and refusing to grant her a reasonable accommodation or even to engage in an interactive dialogue with her about her request. (DE 1.)

In short, Plaintiff alleges that while working for the USPS her shift was unilaterally changed from the day shift to an overnight shift without warning. (*Id.*) As someone who suffers from Post-Traumatic Stress Disorder ("PTSD") stemming from an assault that occurred at night, Plaintiff requested that she be switched back to the day shift, which was denied. (*Id.*) Plaintiff further alleges that she experienced sexual harassment during her overnight shift and despite her reporting the harassment, USPS failed to respond. (*Id.*) Plaintiff contends she had no choice but to resign from her position. (*Id.*) Defendant, on the other hand, claims Plaintiff was notified sometime in February that once she became a career employee, her shift would change. (DE 27 at 1.)

On March 28, 2023, Plaintiff filed a motion to compel Defendant to (1) search Arthur Tovar's emails; (2) identify other discrimination complaints at the Bethpage facility – the facility that Plaintiff worked at from November 2020 to April 2021; and (3) produce electronically stored information ("ESI"). (DE 26.)

For the reasons stated herein, Plaintiff's Motion to Compel is granted in part, and denied in part.

## PROCEDURAL BACKGROUND

The Initial Complaint was filed on June 9, 2022 (DE 1) and Defendant filed his Answer on August 30, 2022 (DE 10). An initial conference was held on September 27, 2022 and the Scheduling Order (DE 13) was entered. Defendant filed a motion to extend time for discovery on November 10, 2022, which the Court then granted on November 14, 2022. (DE 14.)

2

In a status conference on January 10, 2023, the parties informed the Court of several disputes concerning ESI and stated they would file a corresponding motion to compel. (DE 18.) Plaintiff filed her motion to compel and Defendant filed his opposition. (DE 19 and 21.) On February 8, 2023, the Court held oral argument on these issues and ultimately denied Plaintiff's motion to compel with leave to renew following the parties' meet and confer concerning the ESI search terms. (DE 22.) On March 3, 2023, Plaintiff submitted a joint status report detailing her intent to renew the Motion to Compel, which is now before the Court. (DE 25.)

## LEGAL STANDARD

"Motions to compel are left to the court's sound discretion." *E.g.*, *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). The permissible scope of the discovery is clear:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also*

3

*Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y 2012) (internal quotation marks omitted)

"When determining a motion to compel the production of ESI, a district court conducts a two-stage inquiry: first, has the party resisting discovery shown that the information in question is not *reasonably* accessible because of *undue* cost, and second, has the party requesting discovery nonetheless shown good cause to obtain it?" *Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2015 WL 4610422, at *4 (S.D.N.Y. July 23, 2015) (emphasis in original).

For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

## DISCUSSION

### a. Arthur Tovar's ESI

Plaintiff requests that Defendant apply certain search terms to EEO contract investigator Arthur Tovar's electronic accounts and review the responsive documents because Tovar played a major role in investigating Plaintiff's USPS complaint. (DE 26 at 1.)

Parties requesting documents should take care to refrain from imposing "blanket requests" on the producing party. *Rodriguez v. NNR Global Logistics USA Inc.*, No. CV 14-1766 (JFB) (AKT), 2016 U.S. Dist. LEXIS 46093, at *18 (E.D.N.Y. Mar. 31, 2016) (compiling several cases which note that requests for "all documents" is overbroad); *see also Hall v. N. Bellmore Sch. Dist.*, No. CV 08-1999 (JS)(ARL), 2011 U.S. Dist. LEXIS 61334, at *4 (E.D.N.Y.

4

June 7, 2011) (noting that the plaintiff alleging disparate treatment could only receive personnel records similar to her position, job function, and during the same period of employment).

Plaintiff states that it would be fruitful to review Tovar's documents because he "was authorized to investigate all aspects of [Plaintiff's] complaint, require[d] all postal employees to cooperate in the investigation, and require[d] postal employees who had knowledge of the issues raised in the complaint to provide relevant testimony." (DE 26 at 1.) In addition, Tovar conducted interviews and received affidavits and exhibits from various witnesses for Plaintiff's case. (*Id.* at 2.)

Defendant claims that Plaintiff's request "seeks broad categories of searches" which are applicable to any of the EEO cases that Tovar oversaw. (DE 27 at 2.) He further argues that the request should be denied on the basis that it is unduly burdensome, overbroad, and irrelevant. (*Id.*)

Here, Defendant does not deny that Tovar had a significant role in investigating Plaintiff's claims. (DE 27 at 2.) In fact, Plaintiff narrowed her request from asking for four EEO representatives' ESI, to only asking for Tovar's, which comes as a result of the meet and confer between the parties. (*Id.*) Further, the categories of searches that Plaintiff seeks in Tovar's ESI are not so-called "blanket requests" but indeed are likely to reveal responsive hits and are proportionate. (DE 26 at 2; DE 27 at 2.). Specifically, Plaintiff seeks Tovar's ESI from November 2015 to the present containing relevant search terms to her Title VII and ADA causes of action. (DE 27 at 2.) In opposition, Defendant has not provided any information demonstrating that the documents are not reasonably accessible or would consist of exorbitant costs or otherwise "unduly burdensome." (*Id.*); *See Stinson*, 2015 WL 4610422, at *4; *Zhulinska v. Niyazov Law Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 U.S. Dist. LEXIS 219213, at *8

5

(E.D.N.Y. Nov. 12, 2021) (finding that defendants failed to demonstrate that the information was not reasonably accessible or that production would be unduly burdensome); *Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744-ARR-SJB, 2022 U.S. Dist. LEXIS 205602, at *5 (E.D.N.Y. Aug. 9, 2022) (finding that merely "[s]aying something is voluminous, without describing the volume or the costs of search or production, is not persuasive").

Defendant next posits that even if Plaintiff limited the request to Tovar's documents of her investigation, the request should still be denied. This is because Plaintiff already has "documents…statements and … affidavits [that Tovar] collected from the persons with firsthand knowledge" from Plaintiff's investigation report. (DE 27 at 3.)

However, the mere fact that the demanding party already has in its possession the same documents requested, that is no basis to refuse production. *See Alliance Indus.v. Longyear Holding, Inc.*, No. 08CV490S, 2010 U.S. Dist. LEXIS 73471, at *9-10 (W.D.N.Y. July 21, 2010) (finding that defendant was required to provide complete answers to the interrogatories despite the fact that they referred to documents and testimony already provided); *Williams v. City of New York*, No. 81 Civ. 7505 (MJL), 1984 U.S. Dist. LEXIS 16212, at *5 (S.D.N.Y. June 1, 1984) ("[E]ven if defendants already had the medical information that they now seek from plaintiff, this would not be an excuse for resisting discovery absent a showing of burden."); *Dew v. 39th St. Realty*, No. 99 Civ. 12343 (WHP)(JCF), 2001 U.S. Dist. LEXIS 4631, at *4 (S.D.N.Y. Apr. 16, 2001) ("[T]he fact that an adversary may already have some of the information it seeks is not an excuse for failing to produce responsive documents.").

And there's good reason for the rule. Perhaps whether that party is in possession of the very documents is a relevant inquiry. Or maybe the documents contain notations or marginalia that do not exist on the documents in the demanding party's possession. Worse yet, there could

6

be alleged alterations to a document that need to be ferreted out. These are only examples, and certainly not an exhaustive list, of why documents demanded – even if in the possession of the propounder – should be produced.

Accordingly, Plaintiff's first request is granted.

**b. Bethpage Facility Complaints**

Next, Plaintiff requests obtaining any harassment, discrimination, and/or retaliation complaints from Bethpage from November 16, 2020, to the present as well as any accompanying documents and Defendant's responses which she says could be probative of Defendant's discriminatory intent and showing evidence of others who were treated similarly to her. (DE 26 at 2.)

As discussed above, Plaintiff alleges claims of discrimination and retaliation arising under Title VII and the ADA, which "create[ed] and subject[ed] her to a hostile work environment and constructively discharg[ed] her employment" on the basis of her gender and/or sex" and her disability or perceived disability. (DE 15-17.)

To make out a claim under Title VII for employment discrimination, a plaintiff must show: (1) that she "belongs to a protected class;" (2) she "was qualified to perform the duties of the job at issue;" (3) she "suffered an adverse employment action"; and (4) "the action occurred under circumstances giving rise to an inference of discriminatory intent." *Blasi v. N.Y. Bd. of Educ.*, 00-CV-5320 (RRM) (MDG); No. 03-CV-3836 (RRM) (MDG), 2012 U.S. Dist. LEXIS 113798, at *39 (E.D.N.Y. Mar. 12, 2012) (citations omitted). Regarding the fourth prong, courts look to evidence demonstrating circumstances to allow a factfinder "to infer a discriminatory motive," specifically, that a similarly situated person, not in plaintiff's protected class was treated more favorably. *Id.* at *42.

7

To prevail on a claim under the ADA, a plaintiff must show that: "(1) this employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Lugo v. Shinseki*, No. 06 Civ. 13187 (LAK) (GWG), 2010 U.S. Dist. LEXIS 49732, at *20-21 (S.D.N.Y. May 21, 2010). Further, "adverse employment actions" must show some inference of discrimination to prevail on a claim under the ADA. *See Flieger v. E. Suffolk BOCES*, 693 Fed. Appx. 14, 17 (2d Cir. 2017). The Second Circuit has characterized an adverse employment action as more than an inconvenience or changing of job duties but could be based on a case's unique circumstances. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72 (2d Cir. 2019) (finding no adverse employment action where plaintiff alleged a transfer from greeter to cashier, was unable to take a break on two occasions, and did not demonstrate constructive discharge).

Defendant again argues that this request is overbroad and irrelevant, emphasizing that these complaints are of a different character than those in Plaintiff's complaint. Defendant instead requests that the production be limited to complaints for "discrimination and retaliation for alleged sexual harassment based on gender (female) and failure to reasonably accommodate an alleged disability" from November 2020 to June 2022. (DE 27 at 3.)

But Plaintiff's request for the past complaints is not unprecedented, and indeed cases in this Circuit recognize the propriety of such requests under certain circumstances. *See Belvin v. Electchester Mgmt., LLC*, 350 Fed. Appx. 592, 594 (2d Cir. 2009) (noting that "harassment experienced by other employees is relevant to hostile work environment claims" in the form of first-hand accounts of the events); *Vale v. Great Neck Water Pollution Control Dist.*, No. 14-CV-4229 (ADS)(AYS), 2016 U.S. Dist. LEXIS 2440, at *8-9 (E.D.N.Y. Jan. 8, 2016) (finding that

8

defendant was to produce documents demonstrating employer's discriminatory intent and retaliatory conduct because evidence that defendant acted similarly to other employees could be admissible on the issue of intent); *Berk v. Bates Adver. USA*, No. 94 Civ. 9140 (CSH), 1995 U.S. Dist. LEXIS 13606, at *7-10 (S.D.N.Y. Sept. 19, 1995) (ordering defendants to produce documents regarding other employees' discrimination charges so plaintiff could demonstrate her employer had a pattern of discrimination).

Here, evidence of Plaintiff's comparators or those similarly situated to her, is material to her claims for the purpose of identifying how others in her position were treated and establishing whether her employer had a discriminatory motive or intent, which is required to make a claim under Title VII or the ADA. *Doe v. Columbia Univ.*, 551 F. Supp. 3d 433, 471 (S.D.N.Y. 2021) (noting that a comparator is one that bears a "reasonably close resemblance" to plaintiff's circumstances, but they "need not be identical"). Plaintiff alleges that she was treated worse than her female colleagues and male counterparts in that she was sexually harassed, and that Defendant retaliated against her by not changing her shift back to the daytime and subjecting her to a hostile work environment, forcing her to leave. (DE 26 at 8 n.2, 10 n.3, 13). Receiving evidence of those in the same division as her and from those who may have lodged similar complaints would support an inference of discriminatory intent.

And, as with the first request, Defendant has not attempted to review or provide a number as to how many complaints would satisfy Plaintiff's request before asserting that it would be overbroad, unduly burdensome, or irrelevant. Instead, Defendant merely states that Plaintiff's request for Bethpage complaints is "overbroad and must be limited" and irrelevant because it includes complaints of a "wholly different character" than those alleged in Plaintiff's complaint. (DE 27 at 3). *Zhulinska*, 2021 U.S. Dist. LEXIS 21913, at *9 (noting that defendants had not

9

"performed any searches to determine how many emails would be captured by various search terms … [so] their claims of undue burden [we]re merely speculative"); *Torgovnick v. SoulCycle Inc.*, No. 17 Civ. 1782 (PAC), 2018 U.S. Dist. LEXIS 184932, at *12-14 (S.D.N.Y. Oct. 29, 2018) (denying plaintiff's request for documents relating to reasonable accommodations despite plaintiff's agreement to limit the time period because defendant had shown that it "does not maintain a central depository of this information" so it would have to review "hundreds…or thousands" of documents that may not have a connection to the lawsuit and the request was duplicative of others).

But here, Plaintiff *has* reasonably reduced the scope of her request to those at the Bethpage facility, the location in which she worked, as opposed to those at all New York State locations. *Sasikumar v. Brooklyn Hosp. Ctr.*, No. 09 CV 5632 (ENV) (RML), 2011 U.S. Dist. LEXIS 46768, at *12 (E.D.N.Y. Apr. 29, 2011) (limiting production to complaints of employees who worked in the same department or division as plaintiff).  And the request is relevant because her Complaint alleges that she was discriminated and retaliated against based on her gender and/or sex as well as her disability.  (DE 1 at 15-17.)  *See Mazzella v. RCA Global Communs., Inc*, No. 83 Civ. 3716 (WCC), No. 1984 U.S. Dist. LEXIS 18166, at *33 (S.D.N.Y. Mar. 28, 1984) (ordering defendant to produce information regarding certain personnel decisions to "develop evidence that defendants' male employees were more leniently treated than female employees" and citing cases recognizing the relevance of receiving evidence of disparate treatment to show motivation); *but see id.* at *36-37 (denying plaintiff's request for all Title VII or related complaints filed against defendants in any official forum because it was not limited); *Crowley v. Billboard Magazine*, 576 F. Supp. 3d 132, 145 n.5 (S.D.N.Y. 2021) (denying plaintiff's motion to compel discovery because plaintiff did not establish appropriate

10

comparators). The instant request consists of complaints of "harassment, discrimination, and/or retaliation, including but not limited to discrimination on the basis of their gender, sex, medical condition, and/or disability," which are similar to, if not the same, the bases in her Complaint (DE 26 at 2.)

Plaintiff's request is hereby denied and Defendant is directed to review the Bethpage complaints and meet and confer with Plaintiff on or before June 1, 2023. If issues remain after this meeting, Plaintiff may renew her motion.

   **c. ESI**

Lastly, Plaintiff asserts that Defendant has not produced an updated hit report; that Defendant has not reviewed or produced its ESI, including for agreed-upon search terms; and that Defendant has yet to produce other documents besides those given to Plaintiff on November 30, 2022. (DE 26 at 3). Plaintiff demands that Defendant review or otherwise produce the requested ESI.

Defendant argues that he produced an updated hit report on March 28, 2023, the same day that Plaintiff submitted her Motion to Compel; that the parties agreed Defendant would provide all documents together after disputes on the search terms were resolved; and Plaintiff failed to object or move to compel production of any documents in the November 2022 production. (DE 27 at 3-4.)

Plaintiff's request is denied. Defendant has demonstrated that he complied with the ESI production by providing a hit report along with the representation that he will deliver the documents as a lump sum, and not piecemeal. (*Id.* at 3.) Plaintiff did not previously object to Defendant's responsive document production in November 2022. (*Id.* at 4.) For these reasons,

11

Plaintiff's request to compel regarding the ESI search is denied, however, without prejudice to renew after completion of production to the extent the production is deficient.[1]

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Compel (DE 26) is hereby GRANTED in part and DENIED in part. Request # 1 (Tovar's ESI) is granted. Requests #2 (Bethpage complaints) and #3 (ESI Search) are denied without prejudice. Defendant is directed to review the Bethpage complaints and meet and confer by **June 1, 2023**, with the opposing side. If issues remain after this meeting, Plaintiff may renew her motion.

Dated:    Central Islip, New York
          May 7, 2023

                                        SO ORDERED:

                                        /S/ *James M. Wicks*
                                        _____
                                             JAMES M. WICKS
                                        United States Magistrate Judge

---

[1] Needless to say, any further motion must of course only follow after a genuine meet and confer among the parties. *See* Fed. R. Civ. P. 37(a) (mandating that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the... party failing to make disclosure or discovery in an effort to obtain it without court action").